IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHAREE HARRELL PLAINTIFF

V. Case No. 3:25-CV-00242-JM-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Either party may file written objections to this Recommendation. Those objections should be specific and should include the factual and/or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. INTRODUCTION

Sharee Harrell applied for Title II disability insurance benefits and Title XVI supplemental security income in June 2022. (Tr. at 9, 173, 175, 180). She alleged disability beginning July 17, 2014. *Id*. at 9, 175, 180. Her claims were denied both initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 9, 99–108, 115–22. Following a telephone hearing on June 17, 2024, *id*. at 28–40, the ALJ concluded that Harrell was not disabled, *id*. at 9–20. Harrell requested review, and on August 22, 2025, the Appeals Council found there was no basis for reviewing the ALJ's

decision. *Id*. at 1. The ALJ's decision now stands as the final decision of the Commissioner, and Harrell seeks judicial review. (Doc. 8). For the reasons set forth below, this Court recommends that the decision of the Commissioner be affirmed.

## II. THE COMMISSIONER'S DECISION

At step one of the sequential five-step analysis,[1] the ALJ found that Harrell had not engaged in substantial gainful activity since July 17, 2014—the alleged onset date of disability. (Tr. at 12). At step two, the ALJ identified the following severe impairments: bilateral foot arthritis, obesity, major depressive disorder, and generalized anxiety disorder. *Id*. After finding at step three that none of Harrell's impairments or combination of impairments met or medically equaled a listed impairment, *id*. at 12–14, the ALJ determined that Harrell had the residual functional capacity ("RFC") to perform sedentary work with the following postural restrictions: no climbing ladders, ropes, or scaffolds; occasional climbing stairs or ramps; frequent stooping, kneeling, crouching, and crawling; and no duties requiring the use of lower extremities for foot control operations. *Id*. at 14. The ALJ also limited Harrell to work that involved understanding, remembering, and carrying out simple instructions. *Id*. The ALJ found that Harrell had no past relevant work and that there were jobs existing in significant numbers in the national economy that she

[1] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

could perform. *Id*. at 18–19. Accordingly, the ALJ concluded that Harrell was not disabled. *Id*. at 19.

## III. DISCUSSION

### A. Standard of Review

"In reviewing the ALJ's decision," the Court "examine[s] whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). "Substantial evidence is that which a 'reasonable mind might accept as adequate to support a conclusion,' whereas substantial evidence on the record as a whole entails 'a more scrutinizing analysis.'" *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). "Our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . . [W]e also take into account whatever in the record fairly detracts from that decision.'" *Gann v. Berryhill*, 864 F.3d 947, 950–51 (8th Cir. 2017) (citation omitted). "Reversal is not warranted, however, 'merely because substantial evidence would have supported an opposite decision.'" *Reed*, 399 F.3d at 920 (citation omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It

means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

**B. Substantial Evidence Supports the ALJ's Decision.**

Harrell, appearing *pro se*, argues on appeal that her impairments preclude her from performing work at any exertional level. (Doc. 8). Although she makes no specific allegations of error, she essentially disagrees with the ALJ's finding that she could perform a reduced range of sedentary work, thereby challenging the RFC determination.[2] On review, this Court's task is not to determine whether substantial evidence supports Harrell's claim, but rather, to assess whether substantial evidence supports the ALJ's decision. *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022) ("So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently.").

Harrell bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ, tasked

[2] Because Harrell is proceeding *pro se*, this Court liberally construes her pleadings. *See Cox on behalf of Cox v. Berryhill*, No. 3:18-cv-00165 DPM-PSH, 2018 WL 6251376, at *2 (E.D. Ark. Nov. 29, 2018), *report and recommendation adopted by* 2018 WL 6729981 (E.D. Ark. Dec. 21, 2018). To that end, this Court reviewed Harrell's Complaint, (Doc. 2), filed on October 27, 2025; her Brief, (Doc. 8), filed on February 20, 2026; as well as the argument Harrell made to the Appeals Council for review, (Tr. at 172), to resolve this case. To the extent Harrell offers new information regarding recent medical treatment in her Brief, (Doc. 8) ("I have updated medical record since ALJ unfavorable decision on 9/4/2024"), this Court does not consider this new medical evidence in its review. 42 U.S.C. § 405(g); *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits.").

with determining a claimant's RFC, must base that decision "on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a).

When evaluating the consistency between a claimant's subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ may discount a claimant's subjective allegations if the evidence is inconsistent with those allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if they clearly were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Here, the ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Harrell's subjective complaints and the record. (Tr. at 12–20). To begin, the ALJ acknowledged that x-rays performed in May 2023 of Harrell's feet revealed osteoarthritic changes bilaterally and that a June 2023 MRI of Harrell's left ankle showed severe calcaneocuboid osteoarthritis, moderate subtalar osteoarthritis, and mild posterior tibial and flexor hallucis longus tenosynovitis. *Id*. at 15.

In finding that Harrell could perform sedentary work with limitations, however, the ALJ specifically considered the symptoms of Harrell's severe and non-severe impairments but found that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*. For example, the ALJ noted that Harrell lived alone and could independently perform activities of daily living, such as grooming herself, driving, handling household chores, preparing meals, and attending church. *Id*. The ALJ pointed out that the longitudinal record reflected that Harrell received conservative treatment for her physical impairments, consisting of steroid treatments, customized orthotics, and orthopedic braces for her ankles. *Id*. at 15–18; *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that conservative treatment weighs against a finding of disability). The ALJ cited physical examinations during which Harrell exhibited normal muscle strength in her feet and ankles, had normal range of motion in all joints of the foot and ankle, and could stand and walk without an assistive device. (Tr. at 15–17).

Moreover, the ALJ was persuaded by the medical opinion of Dr. Kenneth Holder, who examined Harrell on November 3, 2022, and found that she had moderate limitations in standing, walking, climbing, lifting, carrying, and using foot controls due to the tendonitis in her feet. *Id*. at 17, 352–56. The ALJ found Dr. Holder's opinion[3] supported by his physical examination of Harrell, showing a flat-footed gait with compensatory

[3] The ALJ also evaluated—and found partially persuasive—the medical opinions of Dr. Eddy L. Caldwell, (Tr. at 15); Dr. Lee Woodruff, *id*. at 15–16; and state-agency medical consultant Dr. Ken Murphy, *id*. at 18. The ALJ found the opinion of Dr. James Hinchen, who reviewed Harrell's medical records at the reconsideration stage and found insufficient evidence to form an opinion, unpersuasive. *Id*. at 18.

posture, unsteady tandem walking, an inability to squat and rise from squatting, an inability to heel and toe walk, minimally reduced bilateral lower extremity strength, and an ability to stand and walk without an assistive device. *Id.* at 17. The ALJ found Dr. Holder's opinion consistent with Harrell's record of conservative treatment. *Id.* Taking all of this into consideration, including Harrell's chronic foot pain, the ALJ "added limitations that the claimant cannot have duties which require lower extremity foot controls, and she cannot climb ladders, ropes, or scaffolds." *Id.*

As for mental impairments, the ALJ noted that Harrell's counseling records demonstrated that her depression and anxiety were "largely controlled with treatment" and that, as of September 2023, she was "feeling less anxious and depressed." (Tr. at 17). Improvement in a condition supports an ALJ's finding that a claimant is not disabled. *See Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). The ALJ was further persuaded by the opinions of the state-agency psychological consultants, who concluded that Harrell's mental impairments did not significantly limit her mental ability to do basic work activities. (Tr. at 17–18). The ALJ noted that Harrell's medical record lacked any evidence of inpatient admissions, emergency-room visits, or the type of mental-health treatment that would be associated with a debilitating mental illness. *Id.* at 18. Even still, "[g]iven that the claimant does experience depression and anxiety issues, and has been prescribed medication to treat her symptoms, as well as years of mental health counseling,"

the ALJ restricted claimant to remembering, understanding, and carrying out simple instructions. *Id*. at 17.

In sum, the ALJ properly listed and discussed Harrell's relevant impairments, scrutinized the medical records and the multiple opinions from medical professionals who examined Harrell or her medical records, and assessed the consistency of Harrell's subjective complaints. (Tr. at 12–18); *see also Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records). Ultimately, the ALJ concluded that Harrell could perform sedentary work with some restrictions and that, because she could perform a significant number of jobs existing in the national economy, she was not disabled. This Court does not doubt that, as explained in her brief, Harrell continues to experience pain in her feet and that her pain impacts her mental health; the Court is sympathetic to her struggles. However, the ALJ considered Harrell's subjective complaints, and the record contains substantial evidence to support the ALJ's finding that, despite her impairments, Harrell could perform sedentary work with additional limitations.

## IV. CONCLUSION

Substantial evidence supports the Commissioner's decision that Harrell was not disabled.

IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's decision be AFFIRMED.
2. Judgment be entered for the Defendant.

DATED this 2nd day of November, 2026.

Benecia Moore

UNITED STATES MAGISTRATE JUDGE